UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Francesca Diane Rivela

Write the full name of each plaintiff.

___CV___TBD___
(Include case number if one has been assigned)

-against-

T.J. Maxx, The TJX Companies, Inc., T.J. MAXX, INC.

**COMPLAINT**

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ Federal Question

☑ Diversity of Citizenship

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, **Francesca Diane Rivela**, is a citizen of the State of
(Plaintiff's name)

**New Jersey, NJ**
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, T.J. Maxx, The TJX Companies, Inc, T.J. MAXX, INC., is incorporated under the laws of the State of NY

and has its principal place of business in the State of NY

or is incorporated under the laws of (foreign state) DE

and has its principal place of business in NY.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Francesca | D | Rivela
First Name | Middle Initial | Last Name

59 Deborah Lane
Street Address

Monmouth, Howell | NJ | 07731
County, City | State | Zip Code

(347)838-0081 | Francescarivela@gmail.com
Telephone Number | Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

TJ Maxx; T.J. MAXX, INC.
First Name                Last Name

Current Job Title (or other identifying information)
245 Bricktown Way,
Current Work Address (or other address where defendant may be served)
Richmond, Staten Island    NY         10309
County, City              State      Zip Code

Defendant 2:

The TJX Companies, Inc.
First Name                Last Name

Current Job Title (or other identifying information)
28 LIBERTY ST.,
Current Work Address (or other address where defendant may be served)
Manhattan, New York        NY         10005
County, City              State      Zip Code

Defendant 3:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City              State      Zip Code

Defendant 4: _____
First Name            Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 14 Colita Court, Staten Island, NY 10307; 245 Bricktown Way, Staten Island, NY 10309

Date(s) of occurrence: 07/19/2019

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Pro Se Plaintiff Francesca Rivela ("Plaintiff") as a result of an accident that occurred on 07/19/2019, Plaintiff was caused to be injured as a result of a defective industrial table that was improperly manufactured, produced, and purchased at TJ Maxx, The TJX Companies, Inc. and T.J. MAXX, INC. ("Defendants") Plaintiff hit her right ring finger on the edge of the table, which unbeknown-st to the Plaintiff had a tear in the sheet metal and which caused her dominant hand to be cut.
Plaintiff purchased the product at the TJ Maxx location of 245 Bricktown Way, Staten Island, NY 10309. Defendants knowingly sold a dangerous and defective and faulty product. Defendants had the duty of maintaining the aforesaid premises in a safe and proper condition, free of hazards, traps, nuisances, and defects.
Plaintiff was lawfully upon and at said premises known as Plaintiff's home. Plaintiff was caused to sustain serious personal injuries. Plaintiff occurred solely and wholly through the negligence of TJ Maxx, The TJX Companies, Inc., and T.J. MAXX, INC. their agents, servants, and employees, in the manufacturing, production, ownership, leasing, operation, maintenance, control, and management of their respective products, although said defendant knew or should have known of the dangers and hazards existing and nonetheless failed to remedy the same.
Defendants failed to place warning signs and/or labels about the dangerous condition, in failing to have competent help or employees who would prevent the occurrence and failed to repair it. Replace said defective conditions, in failing to conduct reasonable and proper inspections of said negligent condition.
That as a result of the negligence of defendant as aforesaid, Plaintiff was rendered sick,

sore, lame and disabled, was caused to suffer great pain, severe and consequential injuries, was and is internally and externally injured, will continue to endure great pain and suffering, including mental anguish and distress as a result of severe injury and loss of income/wages. Plaintiff has sustained and will continue to sustain special damages, all of which Plaintiff believes will continue in the future, all to their detriment and loss in an amount that exceeds the jurisdictional limits of all other courts. Plaintiff was caused to sustain hospital and medical expenses, and incidental and consequential damages. That as a result of the foregoing, the defendants acted recklessly and wantonly without any regard for the safety of Plaintiff.
Plaintiff Demands judgment against defendant(s) TJ Maxx, The TJX Companies, Inc. and T.J. MAXX, INC. in an amount which exceeds the jurisdictional limits of all courts, together with the costs and disbursements of this action. In the event that Article 16 of the CPLR applies this case falls with an exception to the same and had and had violated the codes for NY Consolidated Laws, Civil Practice Law and Rule and , and NY Consolidated laws uniform commercial code, Section 2-A-212. Plaintiff further Defendants had strict liability, tortious misrepresentation, and breach of implied warranty.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Right hand ring finger tendon repair surgery(dominant hand), ER, Numerous Hospital Visits, OT, Injections & Acupuncture & ETC.
( SEE ADDITIONAL PAGES ATTACHED)

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

$2M policy limit demand

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 07/07/2022 | | *[signature]* |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Francesca | Diane | Rivela |
| First Name | Middle Initial | Last Name |
| 59 Deborah Lane | | |
| Street Address | | |
| Monmouth, Howell | NJ | 07731 |
| County, City | State | Zip Code |
| (347)838-0081 | | Francescarivela@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes  ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. See ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601
PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Note: This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Stand Up MRI of Staten Island, PC AAC Francesca Rivela v. Allstate Insurance Company CV-002244-19/SM

Rivela, Francesca, D
Name (Last, First, MI)

59 Deborah Lane   Howell   NJ   07731
Address   City   State   Zip Code

(347)838-0081   Francescarivela@gmail.com
Telephone Number   E-mail Address

07/07/2022
Date

Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

SUMMONS AND COMPLAINT

Pro Se Plaintiff Francesca Rivela("Plaintiff") as a result of an accident that occurred on 07/19/2019, Plaintiff was caused to be injured as a result of a defective industrial table that was improperly manufactured, produced, and purchased at TJ Maxx, The TJX Companies, Inc. ("Defendants") Plaintiff hit her right ring finger on the edge of the table, which unbeknownst to the Plaintiff had a tear in the sheet metal and which caused her dominant hand to be cut.

Plaintiff purchased the product at the TJ Maxx location of 245 Bricktown Way, Staten Island, NY 10309. Defendants knowingly sold a dangerous and defective and faulty product. Defendants had the duty of maintaining the aforesaid premises in a safe and proper condition, free of hazards, traps, nuisances, and defects.

Plaintiff was lawfully upon and at said premises known as Plaintiff's home. Plaintiff was caused to sustain serious personal injuries. Plaintiff occurred solely and wholly through the negligence of TJ Maxx, The TJX Companies, Inc., their agents, servants, and employees, in the manufacturing, production, ownership, leasing, operation, maintenance, control, and management of their respective products, although said defendant knew or should have known of the dangers and hazards existing and nonetheless failed to remedy the same.

Defendants failed to place warning signs and/or labels about the dangerous condition, in failing to have competent help or employees who would prevent the occurrence and failed to repair it. Replace said defective conditions, in failing to conduct reasonable and proper inspections of said negligent condition. That as a result of the negligence of defendant as aforesaid, Plaintiff was rendered sick, sore, lame and disabled, was caused to suffer great pain, severe and consequential injuries, was and is internally and externally injured, will continue to endure great pain and suffering, including mental anguish and distress as a result of severe injury and loss of income/wages. Plaintiff has sustained and will continue to sustain special damages, all of which Plaintiff believes will continue in the future, all to their detriment and loss in an amount that exceeds the jurisdictional limits of all other courts. Plaintiff was caused to sustain hospital and medical expenses, and incidental and consequential damages. That as a result of the foregoing, the defendants acted recklessly and wantonly without any regard for the safety of Plaintiff.

Therefore, Plaintiff Demands judgment against defendant(s) TJ Maxx, The TJX Companies, Inc. in an amount which exceeds the jurisdictional limits of all courts, together with the costs and disbursements of this action. In the event that Article 16 of the CPLR applies this case falls with an exception to the same and had violated the codes for NY Consolidated Laws, Civil Practice Law and Rule, and NY Consolidated laws uniform commercial code, Section 2-A-212. Plaintiff further alleges that the Defendants had strict liability, tortious misrepresentation, and breach of implied warranty and merchantability.